In the Matter of MELVIN M. LEBETKIN (Admitted as MELVIN MOSES LEBETKIN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 22, 1993

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn, for petitioner.

*Harold Borg,* Kew Gardens *(Joseph W. Ryan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with one count of professional misconduct. The petitioner Grievance Committee moves to confirm the report of the Special Referee which sustained the charge. The respondent supports the petitioner's motion to confirm, except to the extent that the Special Referee accepted the Grievance Committee's redacted version of his Federal indictment and rejected the respondent's redacted version.

The petition alleged that the respondent was guilty of professional misconduct in that he was convicted of a serious crime. On or about July 18, 1989, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to the charge of mail fraud (18 USC § 1341), as charged in the second count of indictment No. 88 CR 0047.

The respondent's conviction of a serious crime was predicated upon his participation as one of five partners in a New York City Parking Violations Bureau "kickback scheme". The plan involved the corrupt formation of a second placement collection agency to perform Parking Violations Bureau collection work. Each of the five partners was to play a specific role in the functioning of the collection agency. The respondent's role was to contribute capital, participate in running the company, and provide an individual to work at the company on a daily basis.

The scheme entailed the purchase of an existing collection agency and the use of a "front man" to apply for the initial Parking Violations Bureau contract to disguise the fact that the actual partners would have been unable to do so either because of their official capacities, other business interests, or a general appearance of impropriety. The proposal for a "second placement" contract which the respondent's partnership submitted to the Parking Violations Bureau was materially false in at least two respects. The proposal falsely stated that only the nonpartner "front man", who signed the proposal, had any interest in the contract applied for and that no New York City officials had any interest in the contract.

As the partnership began to make large profits from Park-

ing Violations Bureau collection work, the respondent and another of the partners, Bernard Sandow, began to make regular cash payments to partner Geoffrey Lindenauer. Lindenauer in turn paid over a substantial portion of the bribes to partner Donald Manes and ensured that the partnership continued to receive extensive Parking Violations Bureau work and make substantial profits.

The respondent raised some of the cash used to pay Lindenauer and Manes through a computer company hired to print thousands of execution letters to be sent to debtors on behalf of the partnership. The respondent arranged for the owner of the computer company to bill his partnership for these letters at a falsely inflated price. The computer company would pay these inflated bills in full and the respondent would secretly receive back the inflated amount in cash. This procedure resulted in the hidden generation of approximately $30,000 in cash for the respondent's use. This cash was turned over, in substantial part, to Geoffrey Lindenauer.

On the basis of a series of false and misleading documents, the Parking Violations Bureau approved assignment of the contract to a newly formed corporation, with which the respondent was associated.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained the charge of professional misconduct alleged against the respondent. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the extensive character evidence submitted by the respondent. Nevertheless, the respondent's conviction of the serious crime of mail fraud and the extent and nature of his involvement in the Parking Violations Bureau scandal warrant his disbarment.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Melvin M. Lebetkin is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Melvin M. Lebetkin is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.